Good afternoon. Illinois Appellate Court First District Court is now in session. The First Division, the Honorable Justice Carl Anthony Walker presiding. Case number 1-8-1930, N. Ray Daniel McCormick. And good afternoon everybody. I'm Justice Walker and I have here with me today Justice Hyman and Justice Pierce and I'd like to start by asking the lawyers if you could please introduce yourselves. Sure, your honors. Good afternoon. Ian Barnes on behalf of the appellant, Daniel McCormick. And I am Erin O'Connell on behalf of the people. And let me start with you, Mr. Barnes. Approximately how much time do you need today, Mr. Barnes? I think 15 minutes with that including three minutes of rebuttal should be sufficient, your honor, if that's amenable with the court. Sure. And Ms. O'Connell, how much time do you need? I would think 10-15 minutes. Okay. And normally what we do is we do give each side a total of 20 minutes and if you do run out of time because we're asking questions and you have a point that you didn't make and you intend to make, you really wanted to make that point, simply let us know and we'll give you a minute or two minutes or even three minutes to sum up that point that you never were able to get to. So just please make sure you communicate with us. And with that, we will get it with you, Mr. Barnes. Thank you, your honor. May it please the court and my colleague from the state. In 2009, Dr. Quackenbush on behalf of the Illinois Department of Corrections performed the only statutorily permitted evaluation of Mr. McCormick and determined that he is not a sexually violent person. The state was unsatisfied with that result and so without statutory authority, it hired Dr. Stanislaus to obtain the opinion it wanted. Using only Dr. Stanislaus's opinion, the state filed a petition to commit Mr. McCormick. The trial testimony revealed that although the state was able to obtain the opinion it wanted, that opinion could not withstand scrutiny under cross-examination. When asked to explain her opinion regarding Mr. McCormick's risk to re-offend, Dr. Stanislaus either abandoned or could not explain numerous risk factors that she had relied on in her direct testimony and she resorted to invoking the concept of layering, a term that was absent from her direct testimony, absent from her reports, and which she could not explain. So in the context of those issues, I'd like to first address the denial of Mr. McCormick's to dismiss and why it should have been granted and from there move to the sufficiency of the evidence because although the state obtained the opinion it wanted, that opinion lacked the substance necessary for proof beyond reasonable doubt. Turning to that motion to dismiss, one fact forms the foundation of this issue and that is at the time this motion was litigated and ruled on, the SVP Act did not give the state the authority to go out and hire its own private evaluator. Well let's put it a different way. The statute did not say one way the other. The circuit court took that silence in the statute and inverted it. Okay it seems that everyone has stopped moving. Okay can anyone still hear me? Yes yeah you were frozen for a minute. Everyone else was too. I apologize for that. The circuit court took that silence in the statute and inverted it and concluded that because the statute didn't prohibit it, the state was allowed to do it and we know from the SDP case people versus grant out of the Supreme Court that that reasoning is erroneous because when the legislature wants to give the state this right to hire a private evaluator it does so. Now how do you go to the I'm sorry to the distinction the state raises that grant dealt with proceedings a recovery proceeding versus a commitment proceeding? I'm glad you asked that because that was where I was going with my next thought. There's a couple reasons your honor that this case is applicable to Mr. McCormick. The first is that the factual distinction the state raises is refuted by grant itself. The state argued that in SPP proceedings the IDOC evaluators are also treatment providers. They have direct contact with the respondents while that is not true in SPP proceedings. But grant makes it clear that that is the way things used to be but now across both statutes the IDOC evaluators are contractors who have no direct treatment relationship with the respondents so on that basis grant is not distinguishable but more importantly I think is the fact that grant did not limit its holding. It said when the legislature wants to give the state this right it does so that wasn't constrained to STP cases and in effect the state is saying grant doesn't mean what it says. That is not the interpretation this court should adopt. Grant is applicable here and because it's applicable and because the state had no right to retain Dr. Stanislaus at the time that was in essence a legal defect that defeated its petition because without Dr. Stanislaus without going outside the law to obtain her opinion the state had no other evidence. Well you're conflating the obtaining of an expert to a pleading requirement and you're saying that under 2619 it should have been dismissed because it was affirmative matter that would defeat the cause of action and the cause of action was the sexually violent person petition to keep McCormick in an institution correct? You're saying that without the evidence they couldn't prove it. Well proof is different than the pleading requirement under 619 and so in 2009 is this when the petition was filed? Yes the petition was filed and I believe September of 2009. Okay and it was filed by the state correct? That's right. And the statute I think of section 15 at that time gave the state the authority to file a petition correct? Yes that's absolutely right. Okay at the time that they filed their petition they alleged that this person should not be released right? Yes that's correct. It would then be up to them to that's that's a valid civil action that they would have to prove through evidence. Now whether they subsequently have the evidence or not is is an entirely different issue than dismissing it under 2619. I mean otherwise everybody in any civil case could say dismiss this case because they can't prove it and that's not a basis for dismissal under 619 as far as I understand. Can you can you clarify that? Sure your honor the if my memory serves me correctly the basis for that motion was I want to believe I want to say subsection 9 which is is there a legal defect that has the effect of defeating the petition? The legal defect isn't just the ultimate claim that the state wouldn't have had any evidence. It's that that evidence was obtained essentially unlawfully. The state went outside the statute to get this evaluator that they had no right to retain. That was the defect. Without that action by the state there was no case because they couldn't they couldn't they have filed the petition without without well they did file the petition without identifying who their witnesses were going to be correct? They didn't have to they didn't have to file a petition say uh this person should not be released and and our witnesses are A, B, C, D. They didn't have to do that to state a claim under 2619. If I I may be incorrect your honor but if I recall correctly the petition did specifically state it was Dr. Stanislaus but I I might have to double check on that. All right well rather than beat this to death let me ask another question. Sure. When was the hearing that ultimately uh is is the basis for your appeal? When's the judgment? When was that hearing? The do you mean the final judgment or the the ruling on the motion? No the final judgment you you ultimately went to trial on this petition in 2017? Yes that is correct. Okay on the same petition? Yes. Correct? All right and and it at the very best the statute changed in 2011 to allow the state to get this examination? That's right the the statute was changed January 1st 2011. So where is the harm or prejudice to Mr. McCormick? If at the time of his trial on the petition on the complaint it was compliant with the amended statute if if your theory is correct? Well that goes to the the substantive versus procedural and whether this is a retroactive amendment debate. And my answer is one this was a substantive change because it had the effect of permitting the admission of additional new evidence from another source into these these proceedings. So originally. Well elaborate what you mean by that if you could. I want to when you say it is substantive rather than procedural it seems we got what what was the effect be on your client? Sure absolutely. Procedural. The effect was it made it significantly more difficult for him to secure his release because pre-amendment the only thing that had to happen was what happened here. The IDOC evaluator said Mr. McCormick is not a sexually violent person that would have precipitated his release. The amendment then allows the state to go out and seek its own witness that they choose and they pay that he must now also get passed in order to secure his release or avoid commitment. So in that sense it increases his ability to be committed. It increases his liability because now there's another witness in the fray that is not an independent witness. So that makes it substantive rather than procedural under your argument? Yes I would submit that is exactly what makes it substantive because it's not just about courtroom procedure it's about how this case is going to go what evidence is going to be admitted where that evidence is coming from and the most important part is this is a witness chosen by the state. This is someone they go out and hire. Where's the if it's procedural is there some kind of unfairness? What would be the unfairness in your view if it was seen as procedural? Well the I think the unfairness is his case if the state did not have this right as as we assert in 2009 his case should have been dismissed. The unfairness is that his case continued to probable cause continued to trial with a witness the state never should have had in the first place but the other point I'd like to add on to that is even if it is procedural that still doesn't defeat his claim because under that retroactivity analysis we have to look at first does the statute prescribe any sort of temporal reach the change here does not so then we have to look at the statute on statutes and that section is clear that when we look at an amendment like this it doesn't eliminate claims that would have arisen under the prior version of the act it only requires conformity going forward from the effective date so the claim that Mr. McCormick had in 2009 that this evidence was unlawfully obtained that it should not be allowed and that his case should be dismissed isn't wiped out by the amendment. Well that seems to me to be if your argument has any merit the merit dissipated after 2011 when the statute changed had the hearing taken place in 2009 you know that that may have some logic to it but the hearing didn't take place until 2017 and you're not disputing that the evidence wasn't appropriate in 2017 you're just saying it wasn't sufficient correct right our second argument is that the evidence wasn't sufficient but your honor I think I disagree with your interpretation because that would seem to invalidate the entire substantive versus procedural analysis and the statute on statutes because the statute on statutes does not eliminate his claim simply because the law has changed well if the statute changed according to your theory in 2011 to allow for Dr. Stanislaus to examine Mr. McCormick correct isn't that your argument that that in 2011 it would have been okay to examine if Stanislaus was retained after that date yes then I would agree with you well I made an additional loss that I don't see any and I'm not aware of any law that says the state's attorney or the attorney general can only garner evidence that is authorized by statute I mean that's a ridiculous position for me to get my head around they got Dr. Stanislaus and they presented her uh I believe it's a female in in 2017 and the evidence was applicable to Mr. McCormick in 2017 and the question was should he be uh committed in 2017 well your honor to address your your first concern I think that takes us back to grant which says the statute does have to authorize this the statute must say the state can go out and hire their own evaluator and an essentially dangerous person proceeding there is a uh there are provisions for the affected individual to be evaluated you know giving them the right to be evaluated have evaluations and I think see that's where I come down on the supreme court's decision they drew that distinction because they were talking about two separate statutes and two separate proceedings and two separate goals and intentions and everything else so but anyway I don't want to eat up all your time so that's okay your honor if I could just make one final point so Mr. Barnes it seems as though you believe that if the petition had been filed after January 1st 2009 then um 2011 then the statute in effect on January 1st 2011 would apply to the petition but because the petition was filed prior to that day the law in effect on the date of the filing of the petition is what governs is that correct right and to to branch off of that I would just point to this idea that when Mr. McCormick pled guilty in I want to say 2005 or 2006 I apologize I don't remember the exact date 2005 the the law as it existed then was what attached to him in terms of his rights and the law at the time didn't allow the state to retain an evaluator and that became right essentially when the state filed its petition and was using Dr. Stanislaus as the sole basis for that petition when the statute didn't give them that right so we essentially have I guess that the concept I want to convey is if we simply say this is harmless then the state is being rewarded for going outside the law and doing something the statute does not permit them to do they they essentially would be facing no consequence for doing something when the Supreme Court says the state may not do this unless the legislature tells them they may so if we stop time in 2010 let's just stop forget what happens after 2010 but but at that time what you're saying is when he pled guilty uh and as of 2009 when they filed the state filed the petition the law remained the same and the law was silent with regard to the what the state could do correct right yes so if we were to make we should make our decision it as if that was the point in time because we know that after 2010 and 2011 the statute changed and then we could get into how that statute uh is uh irrelevant whether it's a retroactive or prospective but putting that all to the side if all we had was this case and we're back in 2010 your argument would be the same yes exactly because at the time he pled guilty that was with the awareness that he might be subject to svp commitment those were the rights he was aware of that was the law he was aware of and to then go forward and say now the law has changed essentially and violates the the bargain that he adopted when he pled guilty in the first place well but it also goes to substantive versus procedural doesn't exactly it does too yeah that that to me you know when you ask the second question going past 2010 that is a key for that determination isn't it right and in 2010 or 20 uh 2009 up to january 1st 2011 the state did not have this right and that is a a simple fact the state did not have this right the legislature had not given it to them and we know from grant that the legislature must award this right to the state before they can do it so i i suspect at this point i'm drastically out of time here um but on the basis of the motion to dismiss i would ask this court to reverse and dismiss an order dismissal of prejudice um on the insufficiency issue i would alternatively ask this court to reverse outright and i may touch on that in rebuttal if i may but otherwise unless your honors have no further questions i have nothing further thank you mr barnes miss o'connell you're up good afternoon so i want to identify two main problems with the respondent's argument on the the first is a sort of global issue which is that even if the statute didn't permit this evaluation this is not a basis for dismissal of the petition at the pleading stage the second is that the statute in fact did confer a right on the state to do this independent evaluation and i'd like to take those two points in turn so on the pleading requirements section 15 is specific on what needs to be in a petition it needs to have the allegations that the respondent satisfies the three criteria for commitment as an svp section 15 does not require the state to submit an evaluation or to even identify the source of its opinion supporting the allegations the state does as a matter of practice as a matter of best practice submit to the court the evaluation that it's based its petition on so in this case the state did communicate stannis loss's evaluation at the time it filed a petition but because this is extraneous to the petition itself and not required by the statute the identity of the evaluator cannot provide a basis for dismissal of the petition as deficient on its face well they're not saying that their argument is on the identity of the evaluator well it is because they're not taking issue with the quality of her evaluation so they're saying that it was an improper evaluation because she was not employed by idoc and under the statute only idoc can complete an evaluation well i mean i think that's it i mean it's a little different than you just said it's that there is nothing in the statute that gives the state the right to do its own evaluation correct so so then turning to my second point i would agree that there's nothing at this time there was nothing expressed in the statute they didn't say expressly one way or the other it required idoc to do the evaluation that was the only evaluation expressly required i disagree though that the act itself is somehow silent on this issue because this the act did confer independent discretion on the attorney general and the state's attorney to file an svp petition the idoc could recommend the filing of a petition that's one way one that this can be filed but the statute didn't say that the ag and the state's attorney are restricted to that recommendation if idoc evaluates the the individual and says that they don't meet the criteria the statute nevertheless says the attorney general and the state's attorney can exercise their discretion and file a petition nevertheless where does it say that give us the the statute right so the statute actually does set forth who can file the petition and it sets forth a number of these scenarios at section 15 yes exactly under section 15 so it sets forth a number of scenarios one of the what part of section 15 are you referring to what section um i don't have the text of it right in front of me but i can kind of walk the court through part of the section where it deals with idoc submitting a recommendation or for a commitment and then acting on that the attorney general or the state's attorney can file the way the act is structured however it also permits either of those two parties the state's attorney or the attorney general to file on their own motion pursuant to their own discretion an svp commitment petition so it's based on those alternative scenarios right but just because it 11 that the evaluation is done by the idoc so the statute is there is a who files the petition that's who did the evaluation then and the legislator changed it and made it clear that at that point the state can have their own evaluation done but that was not clear prior to that and the very fact that the legislator changed it appears that the legislator knows how to fix it when they want to fix it and if they wanted the state to have that right they would have given the state that right prior to that i think the the more important question is whether or not the the state's right to do the evaluation is based upon there's a couple of different there's three different dates here there's the date of the actual conviction okay the 2006 conviction that could have been the day that the state that that that all of his rights are decided whether or not upon his commitment the state would be able to have an evaluator to evaluate him on whether or not he should continue to be committed then the other date that we could look to is the date the petition is filed that that that decides everybody's rights if the state files a petition on a date certain their rights are set in stone assuming whether or not it's procedural or substantive we'll get to that later and then the the next date would be whether or not it's the time that the evaluation is actually being used whether or not it's it's at the hearing and what the law is on the date of the hearing and that's what i think this court needs to decide we have not decided any of that but i think those are issues so if you can focus around that and give some arguments that helps that will help me at least regardless of how the other justices feel if you want to help me make a decision on this kind of deal with those things sure and i i think there's a lot to unpack here so the first place and the most logical place for the court to look is the law that was in effect at the time the petition was filed so what were the pleading requirements at that time the state's position is that the law at that time permitted the attorney general to file an svp petition based on even an unstated evaluation so the court i would and i i don't know i don't quite understand the argument in terms of what the date of the convictions i mean realistically i don't know that anyone is relying on the procedures of the svp act when they're determining whether to just did council just did during his argument he just relied on that when i mentioned that maybe the date of the petition was the the date that we should target council went back and said that well no it's the date of the conviction i think we went back and forth about whether the conviction was 2005 or 2006 so that's his argument so there is an argument out there regarding that right and i'm just i would submit i don't know that that's relevant to the svp petition itself i i do think it's sort of unrealistic just to imagine that there is a reliance interest on this type of statute at the pleading stage so i would urge the court to reject that as the relevant date in terms of evaluating what the law should be so i would direct the court first to what was the law in effect at the time of the petition was filed the court when it looks at that statute again the statute did not expressly provide for an evaluation other than to say idoc has to do one and it has to make a recommendation and communicate all this to the ag and the state's attorney but it also provided expressly at that time as now that both the ag and the sa have their own discretion regardless of that recommendation to file the petition so it's inherent in exercising that discretion at this stage for them to seek another evaluation otherwise they would be bound by the idoc evaluation your hands would be tied and that just isn't consistent with the statutory discretion that's placed in those two individuals in terms of what the statutory amendment did so i would fundamentally disagree that what the stat what the general assembly did was amend the statute to change the law sometimes when the general assembly amends the statute it's clarifying what the law has always been and this appears to be a circumstance where the statute was ambiguous there were just there's this dispute here about whether the statute meant to confer a right for an independent evaluation let's see what the legislature actually said though that seems to be something we can look at uh senator bond who is the uh sponsor of the the bill says that the amendment gives statutory authority to the local state's attorney and the attorney general to retain experts to determine independently if the svp petition should be filed so if they already had that authority why would he say give statutory authority you're saying they didn't they already had that authority so this was a useless uh piece of legislation that that was enacted by the illinois general assembly in 2011 well i would disagree that it's useless i mean i i think it certainly confirms going forward as of the time of the amendment that this is a proper procedure i i think what somebody else said uh in the house the uh statement of uh representative yarborough said the amendment gives the state's attorney and the attorney general the opportunity to do the same as the doc the opportunity so again if you look at what happened in the general assembly if they already had that right i don't know how often the state uh general assembly would spend so much time uh doing something if they already had that right and it was as you say you know right there already uh so they're doing something to fix a problem it seems to me when you look at the legislative history do you disagree so there is accepting the premise that the general assembly did change the law at that time you agree it did i i don't agree that this was clear evidence that they meant to change the law as opposed to whatever it doesn't have to be clear evidence is it evidence i think the remarks can be read in different ways but certainly if you're on a different way how did you read it in a different way i don't want to strain the text of what you've you've conveyed to me i mean i can understand how that can be read to say that this they're conferring a new right on the attorney general and the state's attorney i would still say that there's room there to interpret that as them clarifying that this right exists and making it clear but but accepting the premise that the general assembly didn't tend to change the law then we have to deal with the question of whether this is retroactively applicable and the court should find this is not a substantive amendment this is clearly procedural we notice in particular because we're talking about the evidence that the state can muster to meet its burden at the svp trial and respondents council has conceded that this was an appropriate source of evidence for the state to present at his ultimate svp trial this was a procedural change to make clear that the state could go forward based on that evidence as it did as counsel said it would have been prejudicial if it's procedural it sure changed the deal that he pled guilty in 2006 right under a statute uh and what the law was then now you're you're changing it uh substantially if in substantively under your uh under what happened here and what you're saying i don't to me i don't i'm trying to understand how it's procedural when um uh the effect uh on him is uh is very damaging because it's not the it's not the deal he made when he pled guilty well when he when he with all due respect to my esteemed colleague he pled guilty under a criminal statute this is a civil proceeding that is collateral it's a result of has nothing to do with his conviction in his sentence in his term of imprisonment this is a civil proceeding it's separate and apart from the criminal proceeding that he pled guilty to he didn't plead guilty to this civil proceeding this is a collateral consequence of his criminal conviction excuse me i agree with that point i would also note in terms of evaluating prejudice here the prejudice that he's claiming is the filing of an svp petition but i want to note that that's just a very preliminary step here and that there are lots of procedural safeguards that come into play after that point so the only complaint he has here is that the state improperly filed the petition itself but ultimately he doesn't dispute that the state properly ultimately came forward with this evidence with dr stanislaus's well-reasoned opinion establishing that he did their criteria for commitment and the statute itself serves an important role at this initial stage the state just has to make these allegations it ultimately has to come forward with evidence the goal here is to ensure that individuals who are sexually violent and likely to recidivate are captured in this brief window of time before they're released into the community and then dealt with through the svp commitment process and at that point a lot of these restrictions would kick in if there were an argument here that the individual was not qualified to provide evidence at the svp trial that would certainly be a more serious form of prejudice here we're only dealing with this initial filing of the commitment petition and and again just to wrap up and come back to my earliest point the act in specifying what needs to be done at the petition pleading stage does not require an evaluation of any sort it just requires the allegations in the petition ultimately the state has to come forward and prove those but just this alleged defect in the identity of the evaluator doesn't provide a basis for just dismissing the petition outright and depriving the state of the opportunity to then prove that this individual does need to be committed for the safety of the community that does the um does this idoc have a gatekeeping authority here no so the state's argument is that they don't and there's actually one case on point which is the welsh case which was a slightly different circumstance but ultimately was a similar issue the idoc evaluator did not conclude that it was a good case a good candidate for commitment under the act they nevertheless filed the petition and then the respondent said that it should have been subject to dismissal because it was not supported by the idoc evaluation the i believe it was the second district in welsh said well no the statute is not intended to provide that sort of gatekeeping function to idoc therefore that didn't provide a basis for dismissal and we would urge the court to reach the same result here idoc evaluations are not intended to be the final word on this if the state does find an independent expert who does conclude to the contrary that this individual should be committed for the safety of the community and unless the court has further questions we would ask that this court affirm the circuit court's judgment thank you miss o'connell and mr barnes thank you your honor uh the first point i want to make is going right to section 15 of the act uh subsection c requires the state when it files a petition to state with particularity essential facts to establish probable cause and without dr stanislaus they had no facts so this goes back to this issue whether this is actually a defect with the petition without dr stanislaus's opinion without going outside the law to retain her they had no facts um on the subject of what i believe my colleague touched on was the the right of the state to file a petition and grant touched on that topic as well and said that just because the state can file a petition doesn't mean they're entitled to prove their case and that's a fundamental distinction here just because the state could file a petition doesn't mean they got to go and retain dr stanislaus so they could try and prove their case because the statute didn't give them that right third is the going back to this issue of mr mccormick's original plea and whether he would have been relying on the svp act when he did so there is there is case law directly on this and i would just point your honors to people versus hughes which is a 2012 case out of the supreme court 2012 il112817 where they acknowledged that counsel has a duty to inform his client that a guilty plea to a sex offense is going to result in the possibility of civil commitment it will result in an idoc evaluation it might not guarantee commitment but it will result in that evaluation so this is certainly something that people can and do rely on um and justice hyman i'm glad you brought up the legislative history because there are a couple facts that we can pull out of there that i think are incredibly important one is the the legislative history the transcripts that are in the public record uh specifically from april 22nd of 2010 make it clear that this amendment was a product of the attorney general's office and the cook county state's attorney they went to the legislature and asked them for this right but also importantly that amendment was filed three months after mr mccormick's motion was ruled on so if the state believed that it truly had the right to retain dr stanislaus in the beginning it would not have gone to the legislature and said please give us this right and the last point i would like to make is just very briefly on the subject of the insufficiency argument if we look at the constitutional law that governs civil commitment that some of the landmark cases we can look to justice brier in kansas versus those among us who are so dangerous because of a mental disorder that they must be committed as opposed to the typical sex offender and dr stanislaus's opinion here did not rise to that level and i would just very briefly touch on the fact that when she was pressed on her opinion on cross-examination about the risk factors she had relied on she either abandoned them such as the clergy factor she said mr mccormick has a risk factor that he was a former clergy member and on cross-examination she walked away from that when she was confronted with the fact that he is no longer a clergy member he will no longer have that access to victims he will no longer have that position of trust and power she said a couple other factors are not empirically supported uh with respect to the factor of emotional congruence with children she said she hadn't actually done any investigation to see what mr mccormick's relationships with adults were like to actually establish that he relates more to children and with respect to the sexual preference for children risk factor she said she couldn't quantify it so when you take all those away you're left with just an opinion you're not left with any reasons not left with any explanation and she recognized that because when she continued to be pressed about how do you explain how you get to substantially probable with this she resorted to this layering concept which was brand new wasn't in her reports it wasn't in her direct testimony and she couldn't explain it and the touchstone of this issue is people versus murray in which the supreme court said experts must provide explanations for their opinion to be sufficient for proof beyond a reasonable doubt dr stanislaus did not do that he did not provide these reasons she provided words she provided labels but there was nothing actually underpinning that opinion and i would just leave the court with one final thought which is the testimony of dr wood at trial in which he said subjective clinical judgment is no better than a coin flip and based on what happened during cross-examination of dr stanislaus i would submit that that is at best what she was doing a coin flip and reasonable doubt and people versus murray requires more so if your honors don't have any further questions i would ask this court to first reverse an order dismissal and the alternative reverse outright on the basis of insufficient evidence mr barns is mr mccormick been uh confined since 2005 or six in other words they filed a petition in 2009 he was scheduled to be released from the idoc is that correct sometime around 2009 yes i to the best of my knowledge he has been in remains in custody pursuant to this petition or what what's the authority to keep him in custody exactly the the petition was the mechanism that prompts the initial detention order and then once probable cause was found then that was i guess you could say finalized and then he remained in the tdf pending trial and now since trial he continues to remain in the tdf so he has been in the tdf for i think approximately 11 going on 12 years as the result of dr stanislaus's opinion okay and can you inform us as to the reason why it took eight years to get to the hearing in front of judge porter if memory serves me correctly one thing that happened in the interim was the state actually went out and retained a second expert dr killian who subsequent to his deposition by my colleagues and some of my former colleagues the state abandoned him and there was also i believe some delay in the state waiving trial there was a considerable discussion i'm sorry not waiving trial waiving a jury and there was some considerable discussion on the record about the state waiting for authorization from the higher ups before they could waive a jury i don't recall the exact record citations at the moment but those were at least two of the things that happened in the interim and to your knowledge that mr mccormick acquiesced in the delay yes i i think he would have i i can't recall any specific record pages that address this but that's that's the best of my recollection thank you very much thank you okay thank you uh mr bars miss o'connell thank you both we appreciate your excellence hearings adjourned